UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| LORRANCE B. DAIS, | ) | |
| | ) | Case Nos. 1:20-cv-158, 1:09-cr-187 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

**MEMORANDUM OPINION**

Before the Court is Petitioner's second motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 276 in Case No. 1:09-cr-187; Doc. 2 in Case No. 1:20-cv-158). The Government has responded and agrees that Petitioner is eligible for relief. (*See* Doc. 8 in Case No. 1:20-cv-158.) For the following reasons, Petitioner's motion will be **GRANTED**.

I. **BACKGROUND**

On October 20, 2010, a federal jury convicted Petitioner of: (1) one count of kidnapping, in violation of 18 U.S.C. § 1201; (2) one count of using and carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A); and (3) one count of knowingly possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (*See* Doc. 90 in Case No. 1:09-cr-187.) United States District Judge Curtis L. Collier sentenced Petitioner to a total term of 390 months' imprisonment. (Doc. 114 in Case No. 1:09-cr-187.) This 390-month sentence included a 270-month sentence on Petitioner's kidnapping conviction and a 120-month sentence on Petitioner's felon-in-possession conviction, to be served concurrently. (*Id.*) Petitioner's 390-month sentence also included a 120-month sentence on Petitioner's § 924(c)

conviction, which was ordered to be served consecutively to his collective 270-month sentence on the other counts. (*Id.*) Petitioner appealed his convictions and his sentence, but the United States Court of Appeals for the Sixth Circuit affirmed. *See United States v. Dais*, 559 F. App'x 438, 450 (6th Cir. 2014).

On June 8, 2015, Petitioner filed his first motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 138 in Case No. 1:09-cr-187). This Court granted Petitioner's first § 2255 motion and vacated his § 922(g) conviction.[1] (Docs. 216, 217 in Case No. 1:09-cr-187.) The Court subsequently entered an amended judgment sentencing Petitioner to 390 months' imprisonment, which included a 270-month sentence on Petitioner's kidnapping conviction and a 120-month sentence on Petitioner's § 924(c) conviction, to be served consecutively. (Doc. 219 in Case No. 1:09-cr-187.)

On June 16, 2020, the Sixth Circuit granted Petitioner authorization to file a second § 2255 petition challenging his § 924(c) conviction in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019).[2] (*See* Doc. 275 in Case No. 1:09-cr-187.) Counsel for Petitioner supplemented Petitioner's *pro se* § 2255 motion (Doc. 5 in Case No. 1:20-cv-158), and the Government responded agreeing that Petitioner is eligible for relief as to his § 924(c) conviction and sentence in light of *Davis* (Doc. 8 in Case No. 1:20-cv-158). Petitioner's second § 2255 motion is now ripe for the Court's review.

---

[1] The Court, however, denied Petitioner's § 2255 motion with respect to Petitioner's other arguments, and the Sixth Circuit denied Petitioner's request for a certificate of appealability with respect to those arguments. *Dais v. United States*, No. 18-6269, slip op. at 5 (6th Cir. January 8, 2020).

[2] Though Petitioner sought to raise multiple claims in a second § 2255 petition, the Sixth Circuit only authorized a second petition based on the challenge to his § 924(c) conviction. (*See* Doc. 275 in Case No. 1:09-cr-187.)

## II. STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998). If the court finds that the sentence imposed was not authorized by law, it must vacate and set aside the judgment and discharge the prisoner, resentence him, grant him a new trial, or correct the sentence. 28 U.S.C. § 2255(b).

## III. ANALYSIS

Petitioner argues that his conviction under 18 U.S.C. § 924(c)(1)(A) for using and carrying a firearm in relation to a crime of violence must be vacated because his kidnapping conviction no longer qualifies as a "crime of violence" for the purposes of § 924(c). (Doc. 2, at 5 in Case No. 1:20-cv-158; Doc. 5, at 3–5 in Case No. 1:20-cv-158.)

Section 924(c)(1)(A) imposes mandatory-minimum penalties on any person who "uses or carries a firearm" during and in relation to a "crime of violence" or "drug trafficking crime" or "possesses a firearm" in furtherance of such a crime. *See* 18 U.S.C. § 924(c)(1)(A). For the purposes of § 924(c), a "crime of violence" is a felony offense that either

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  Subsection (A) of this definition is referred to as the "elements" clause, and subsection (B) is more commonly known as the "residual" clause.  *See Davis*, 139 S. Ct. at 2323.  In *Davis*, the Supreme Court of the United States held that the residual clause is unconstitutionally vague.  *Id.* at 2336.  Accordingly, any "crime of violence" supporting a conviction under § 924(c)(1)(A) must qualify as such under the elements clause.

In Petitioner's case, the felony offense underlying his § 924(c) conviction was his simultaneous conviction for kidnapping in violation of 18 U.S.C. § 1201.  The statute on which Petitioner's kidnapping conviction was based states that a person commits the offense if he or she "unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person" when

> (1) the person is willfully transported in interstate or foreign commerce, . . . or the offender travels in interstate or foreign commerce or uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense; [or]
>
> (2) any such act against the person is done within the special maritime and territorial jurisdiction of the United States[.]

18 U.S.C. §§ 1201(a)(1)–(2).  Petitioner argues, and the Government agrees, that Petitioner's federal kidnapping conviction only qualified as a crime of violence for the purposes of § 924(c) based on the now-unconstitutional residual clause. (*See* Doc. 5, at 3–5 in Case No. 1:20-cv-158; Doc. 8, at 5–6, in Case No. 1:20-cv-158.)  Because Petitioner's kidnapping conviction no longer qualifies as a crime of violence, his § 924(c) conviction and sentence must be vacated.  *See Knight v. United States*, 936 F.3d 495, 497 (6th Cir. 2019) (vacating a § 924(c) conviction for using a firearm during a kidnapping under *Davis*).

The only remaining issue, therefore, is for the Court to determine the appropriate remedy in granting Petitioner's second § 2255 petition.  As previously stated, once a court vacates and

sets aside a judgment, it shall either (1) discharge the prisoner, (2) resentence him, (3) grant him a new trial, or (4) correct the sentence, "as may appear appropriate." 21 U.S.C. § 2255(b). "Section 2255 gives district judges wide berth in choosing the proper scope of post-2255 proceedings." *Ajan v. United States*, 731 F.3d 629, 633 (6th Cir. 2013) (citations and internal quotation marks omitted). Thus, while a district court "has the authority to resentence a defendant who has secured reversal of a § 924(c) conviction under § 2255," it may correct an improper sentence without holding a resentencing hearing, when appropriate. *Id.* at 634; *see also United States v. Nichols*, 897 F.3d 729, 738 (6th Cir. 2018) (holding that "a court imposing a corrected sentence [has] discretion to impose a corrected sentenced based on a brief order, a hearing that resembles a *de novo* sentencing proceeding, or anything in between," as long as the corrected sentence is substantively and procedurally reasonable).

In this case, the Court finds that correcting Petitioner's sentence without a resentencing hearing is appropriate. Though the Government contends that, in the absence of the § 924(c) conviction, Petitioner's offense level for his kidnapping conviction (for which he received the most significant sentence) could have been enhanced an additional two levels for the presence of a firearm, the Government recommends vacating Petitioner's § 924(c) conviction and sentence and simply leaving in place Petitioner's 270-month sentence of his kidnapping conviction. (*See* Doc. 8, at 7–8 in Case No. 1:20-cv-158.) In his reply brief, Petitioner agrees that vacatur of his § 924(c) conviction and sentence and leaving undisturbed his 270-month sentence on his kidnapping conviction is an appropriate remedy. (Doc. 11, at 4 in Case No. 1:20-cv-158.) Accordingly, the Court will correct his overall sentencing without modifying or holding a hearing on the sentences on the other counts.

## IV. CONCLUSION

For the reasons stated herein:

1. Petitioner's second motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 276 in Case No. 1:09-cr-187; Doc. 2 in Case No. 1:20-cv-158) is **GRANTED**;

2. Petitioner's conviction and sentence on Count Two of the Superseding Indictment for using and carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) is **VACATED**;

3. Petitioner's sentence will be **REDUCED** by 120 months to reflect a total term of 270 months' imprisonment on his kidnapping conviction;

4. The amended judgment dated October 11, 2018 (Doc. 219 in Case No. 1:09-cr-187) will be **AMENDED** to reflect this reduced sentence; and

5. The Clerk of Court is **DIRECTED** to **CLOSE** case number 1:20-cv-158.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**